# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Karen C. Webb, | ) |
| | ) Civil Action No.: 8:17-cv-01912-JMC |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER AND OPINION** |
| | ) |
| Commissioner of Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

This matter is before the court for review of Magistrate Judge Jacquelyn D. Austin's ("Magistrate Judge") Report and Recommendation ("Report") filed on July 23, 2018 (ECF No. 25). The Report addresses Plaintiff Karen C. Webb's ("Plaintiff") claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") and recommends that the court affirm the decision of the Commissioner of Social Security Administration ("the Commissioner"). (ECF No. 25 at 1.) For the reasons stated herein, the court **ACCEPTS** the Report and incorporates it herein and **AFFIRMS** the decision of the Commissioner.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards which this court incorporates herein without a full recitation. (ECF No. 25.) As brief background, Plaintiff filed an application for DIB and SSI in March 2014, and her application was denied initially. (*Id.* at 2.) After a hearing was held on June 6, 2016, an administrative law judge ("ALJ") determined, on July 14, 2016, that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(a). (*Id.* at 2; ECF No. 10-2 at 24.) Specifically in regard to sedentary work, the ALJ stated that Plaintiff could "lift and/or carry ten pounds occasionally and

1

less than ten pounds frequently[,]" "sit for a total of six hours in an eight-hour workday," and "stand and/or walk for two hours each in an eight-hour workday." (ECF No. 10-2 at 24.) In addition, the ALJ also opined that Plaintiff could "occasionally operate foot controls on the right [foot,]" "never climb ladders, ropes, or scaffolds," and "frequently be in an environment with unprotected heights and moving mechanical parts." (*Id.* at 24-25.) After considering Plaintiff's RFC, age, education, and work experience, the ALJ determined that there were "jobs that exist in significant numbers in the national economy that [she could] perform." (*Id.* at 28-29.) On this basis, the ALJ denied disability benefits to Plaintiff because she was not disabled for purposes of the Social Security Act ("the Act"). (*Id.* at 29.)

Plaintiff's request for the Appeals Council ("the Council") to review the ALJ's decision was denied on May 24, 2017. (*Id.* at 2.) Thus, the ALJ's decision became the final decision of the Commissioner. (*Id.*) *See also Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011) (stating that an ALJ's decision was the final decision of the Commissioner when the Council denied a request for review); *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) (holding that the Commissioner's "final decision" includes when the Council denies a request for review of an ALJ's decision). Plaintiff filed the instant action on July 19, 2017 in order to reverse the Commissioner's decision. (ECF No. 1.)

In the Report, the Magistrate Judge reasoned that although the ALJ failed to perform a function-by-function analysis of Plaintiff's RFC, the decision is "sufficient to enable meaningful review." (ECF No. 25 at 22-24.) Additionally the Magistrate Judge concluded that additional evidence submitted by Plaintiff was duplicative, and the Council's decision to deny a remand, on the grounds of newly submitted evidence, was supported by substantial evidence. (*Id.* at 28-29.) The Report ultimately recommended that the court affirm the Commissioner's decision. (*Id.* at 29.)

The parties were apprised of their opportunity to file specific objections to the Report on July 23, 2018. (ECF No. 25.) On August 6, 2018, Plaintiff filed an Objection to the Report and argued the following: (1) the Report, as it relates to her RFC, is contrary to precedent from the United States Court of Appeals for the Fourth Circuit; (2) the Magistrate Judge impermissibly reweighed evidence and engaged in *post hoc* explanations for the ALJ; and (3) the Council should have remanded her case on the basis of new and material evidence. (ECF No. 27 at 1, 6, 8.) Plaintiff urges the court to reject the Magistrate Judge's Report and to remand the case for further administrative proceedings. (*Id.* at 1.) On August 20, 2018, the Commissioner replied in opposition to Plaintiff's Objection. (ECF No. 28.) The Commissioner maintains the following: (1) Plaintiff misconstrues Fourth Circuit precedent in order to repeat an argument about the ALJ's RFC assessment; (2) the Report does not make any *post hoc* findings or reweigh evidence; and (3) Plaintiff's additional evidence did not require remand. (*Id.* at 2-12.) Importantly, the Commissioner argues that Plaintiff's objections repeat arguments before the Magistrate Judge and thoroughly addressed by the Report. (*Id.*) The Commissioner requests that the court adopt the Magistrate Judge's Report and affirm her decision. (*Id.* at 13.)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Thus, the court may accept, reject, or modify, in whole or in part,

the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). While the court is free to conduct a *de novo* review of the Report, the court's review of the Commissioner's final decision is "limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Preston v. Heckler*, 769 F.2d 988, 990 (4th Cir. 1985)). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). When assessing whether the ALJ possessed substantial evidence, the court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)). As such, the court is tasked with a "specific and narrow" review under the Act. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

### III. DISCUSSION

Plaintiff makes three objections to the Magistrate Judge's Report. (ECF No. 27 at 10.) First, Plaintiff argues that the Report, as it relates to her RFC, is contrary to recent precedent from the Fourth Circuit. (*Id.* at 1-6.) Second, Plaintiff alleges that the Magistrate Judge impermissibly reweighed evidence and made *post hoc* explanations for the ALJ's RFC determination. (*Id.* at 6-8.) Lastly, Plaintiff maintains that the Council should have remanded the case for further proceedings because of new and material evidence. (*Id.* at 8-10.) The court will consider each objection in turn.

4

**1. The Report's Approach to Fourth Circuit Precedent**

Plaintiff argues that the Report fails to adhere to precedent from the Fourth Circuit because neither the ALJ nor the Report explained, based upon the evidence, how she could perform the tasks required by her RFC. (*Id.* at 3.) Moreover, Plaintiff maintains that the ALJ failed to build an accurate and logical bridge from the evidence to his conclusion. (*Id.*) Factually, Plaintiff grounds this objection in the ALJ's failure to "explain . . . how frequently or how long [she] would need to elevate her legs to relieve her severe bilateral leg swelling and pain [and] what the resultant RFC limitations were regarding the amount of time spent with her legs elevated." (*Id.* at 4.) Plaintiff's argument is without merit.

Plaintiff cites to *Woods v. Berryhill*, 888 F.3d 686 (4th Cir. 2018), for the claim that the ALJ rendered a decision contrary to Fourth Circuit precedent. (*Id.* at 2-4.) The Commissioner relentlessly attacks Plaintiff's reliance on the *Woods* decision. (ECF No. 28 at 2-6.) In *Woods*, the Fourth Circuit briefly reaffirmed prior precedent concerning an ALJ's assessment of a claimant's RFC. 888 F.3d at 694. The Fourth Circuit held that an ALJ, when conducting a RFC analysis, "must both identify evidence that supports his conclusion *and* 'build an accurate and logical bridge from [that] evidence to his conclusion.'" *Id.* (quoting *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016)). As opposed to imposing additional legal requirements upon an ALJ, the Fourth Circuit merely clarified how an ALJ "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence . . . ." *Id.* (citing *Mascio v. Colvin*, 780 F.3d 632, 686 (4th Cir. 2015)). The language from *Woods* is not a new principle of law as it relates to an ALJ's RFC analysis, and the court declines to read *Woods* in that light. *See Mascio*, 780 F.3d at 686.

Upon review, both the ALJ and the Report adhered to Fourth Circuit precedent. In the ALJ's decision, the ALJ specifically considered opinion evidence from Dr. Hopkins and Dr. Anderson in regard to Plaintiff's standing, walking, and lifting limitations. (ECF No. 10-2 at 27.) These opinions were accorded little weight. (*Id.*) Indeed, the ALJ found that Plaintiff, in her favor coincidentally, was much more limited than opined by Dr. Hopkins and Dr. Anderson. (*Id.*) On the other hand, the ALJ pointed to evidence relating to Plaintiff's "pain and swelling in her legs[,]" and found that those limitations did not preclude all work. (*Id.* at 26-27.) The ALJ also reviewed numerous medical records. (*Id.* at 25-26.) The Report carefully and thoroughly notes all of the evidence considered by the ALJ as it relates to Plaintiff's RFC determination. (ECF No. 25 at 22-24.) After reviewing the administrative record and the Report, the ALJ appropriately "identif[ied] evidence that supports his conclusion *and* 'buil[t] an accurate and logical bridge from [that] evidence to his conclusion." *Woods*, 888 F.3d at 694 (citing *Monroe*, 826 F.3d at 189). Even though *Woods* was decided after the ALJ's decision, the decision complies with Fourth Circuit precedent, and the court is not left to guess about the basis for the ALJ's RFC decision. *See Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir. 1987) (holding that the Commissioner, through the ALJ, is required to explicitly indicate the weight given to all of the relevant evidence). As such, remand is simply not warranted on this ground.

**2. *Post Hoc* Findings and Reweighing Evidence**

Plaintiff alleges that the report makes *post hoc* rationalizations and impermissibly reweighs evidence. (ECF No. 27 at 6-8.) Specifically, Plaintiff submits that "the Magistrate Judge improperly weighs medical records from Dr. Roper concerning Webb's bilateral leg swelling." (*Id.* at 6.) Plaintiff also maintains that the Report "engages . . . [in] an impermissible *post hoc*

6

explanation of the basis for [the] RFC conclusions." (*Id.* at 8.) Plaintiff's objection is unavailing and misconstrues the nature of the Report.

As a fundamental rule of administrative law, a court must "judge the propriety of [an agency's action] solely by the grounds invoked by the agency." *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947). "[T]he court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis." *Id.* While the Fourth Circuit has yet to address the applicability of this doctrine to the Social Security Act,[1] the court does not construe the Report as engaging in the type of *post hoc* explanation contemplated by *Chenery*. *See Nat'l Wildlife Fed'n v. Hodel*, 839 F.2d 694, 741 (D.C. Cir. 1988) (stating that *Chenery* provides a "time-honored rule prevent[ing] a court from affirming administrative action on a basis not provided by the agency and thereby guards against judicial encroachment into the policymaking domain of administrative agency." (citations omitted)). The Magistrate Judge's Report notes that medical records indicated Plaintiff "was [not] medically required to have an option to elevate her leg for a significant portion of the day" and such a requirement could only be inferred from one treatment note. (ECF No. 25 at 23-24.) In its proper context, the Report is addressing an argument raised by Plaintiff and refers to evidence contained within the administrative record. (*Id.*) This aspect of the Report can hardly be construed as a *post hoc* rationalization because the Report is identifying additional evidence, within the record, supporting the ALJ and is in accordance with the substantial evidence analysis. *See Wells v. Astrue*, No. 3:10CV721–HEH, 2012 WL 966660, at *3 (E.D. Va. March 21, 2012) (holding that a report did not engage in a *post hoc* rationalization, but instead determined that there

---

[1] *See Cramer v. Astrue*, No. 9:10–1872–SB–BM, 2011 WL 4055406, at *8 n.3 (D.S.C. Sept. 12, 2011) ("Although the Fourth Circuit has not specifically addressed the applicability of this doctrine in the context of Social Security cases, it has discussed the *Chenery* doctrine in the context of other administrative cases.").

was substantial evidence to support an ALJ); *Hodgson v. Barnhart*, No. 5:05-CV-14, 2006 WL 5527016, at *4 (N.D.W. Va. Mar. 27, 2006) ("Where the magistrate judge mentions in his report additional evidence in the record supporting the ALJ's opinion, the magistrate judge is not guilty of applying a [*post hoc*] rationale as contemplated by *SEC v. Chenery Corp.* Rather, the magistrate judge is simply noting that the substantial evidence relied upon by the ALJ is not inconsistent with other evidence in the record."). Plaintiff's objection lacks legal merit in this regard and the court rejects it as it has on numerous other occasions. *See Slice v. Berryhill*, No. 6:16-cv-2933-PMD-KFM, 2018 WL 388002, at *2 (D.S.C. Jan 12, 2018); *Heeman v. Colvin*, No. 2:13–2607–TMC, 2015 WL 5474679, at *3 (D.S.C. Sept. 16, 2015); *Stroman ex rel. D.D.S. v. Colvin*, No. 0:13–cv–2496–TMC, 2015 WL 337578, at *3 (D.S.C. Jan. 26, 2015). Thus, remand is not warranted on this ground.

Likewise, the Report does not impermissibly reweigh evidence as argued by Plaintiff. (ECF No. 27 at 6.) Generally, a court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." *Craig*, 76 F.3d at 589. In order to uphold an ALJ's decision, the ALJ must apply the correct legal standards and his factual findings must be supported by substantial evidence. *See Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 340 (4th Cir. 2012) ("When examining an SSA disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." (citations omitted)). In this instance, the Report does not reweigh evidence as alleged by Plaintiff. The Report simply notes that Plaintiff has failed to carry her burden of proof as to an alleged impairment which is claimed to impact her functioning. (ECF No. 25 at 23-24.) When the Report states that Plaintiff bears the burden to establish the existence of an impairment (ECF No. 25 at 24), it is merely reciting the law applicable

to substantial evidence review and is not reweighing evidence. *See Bowen v. Yuckert*, 482 U.S. 137, 146 (1987) ("The [Commissioner], moreover, has express statutory authority to place the burden of showing a medically determinable impairment on the claimant."); *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992) ("Through the fourth step, the burden of production and proof is on the claimant." (citing *Grant v. Schweiker*, 699 F.2d 189, 191 (4th Cir. 1983))). Plaintiff also takes issue with the ALJ for not specifically addressing Plaintiff's subjective testimony about leg elevation. (ECF No. 27 at 7.) This, too, misses the mark. An ALJ is not required to refer to every specific piece of evidence. *See Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014). While the ALJ did not devote a lengthy discussion about Plaintiff's leg elevation, he referred to her subjective testimony about leg elevation and found that testimony inconsistent, which is not disputed by Plaintiff, with the overall medical record. (ECF No. 10-2 at 25-26.) The court agrees with the reasoning of the Report in this regard. (ECF No. 25 at 22-24.) As such, remand is not required on this ground.

**3. Plaintiff's Additional Evidence to the Council**

Plaintiff argues that the additional evidence she submitted to the Council was material and should have warranted a remand. (ECF No. 27 at 8.) She contends that the Council incorrectly denied review because it construed the evidence as immaterial. (*Id.* at 9.) Moreover, Plaintiff alleges that the Report erred in determining that the evidence was duplicative and cumulative. (*Id.*)

"The purpose of magistrate review is to conserve judicial resources." *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015). Generally, a party's objection to a magistrate judge's report must be "specific and particularized" in order to facilitate review by a district court. *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been

9

presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Thus, a *de novo* review is wholly unnecessary for a district court to undertake when a party seeks to rehash general arguments that were already addressed in a magistrate judge's report. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *Anderson v. Dobson*, 627 F. Supp. 2d 619, 623 (W.D.N.C. 2007) ("An 'objection' that . . . simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." (citation and quotations marks omitted)). *See also Derrick v. Berryhill*, No. 9:17-0323-TMC, 2018 WL 3434306, at *2 (D.S.C. July 17, 2018) ("[O]bjections to the magistrate judge's [r]eport are not a subsequent opportunity to reargue the merits of a case—they are an opportunity to demonstrate . . . particular errors in the magistrate judge's reasoning." (citations omitted)); *Butler v. Berryhill*, No. 4:16-cv-03209-JMC, 2018 WL 1556188, at *1 n.3 (D.S.C. Mar. 30, 2018) ("The court does not need to conduct a *de novo* review of objections presented in the form of '[complete statements] of arguments already made, . . . as these objections never cite specific conclusions of the [report] that are erroneous." (quoting *Smith v. City of N. Charleston*, 401 F. Supp. 2d 530, 533 (D.S.C. 2005))); *Jones v. Hamidullah*, No. 2:05–2736–PMD–RSC, 2005 WL 3298966, at *3 (D.S.C. Dec. 5, 2005).

In the instant case, the court has reviewed Plaintiff's Brief (ECF No. 20), Plaintiff's Objection (ECF No. 27), and the Report (ECF No. 25). After examining all of the pleadings, the court concludes that Plaintiff's Objection restates an argument that is already addressed by the Report. (*Compare* ECF No. 27 at 8-10, *with* ECF No. 25 at 24-29.) Moreover, Plaintiff's objection to the Council's determination is identical to an argument raised by her Brief. (*Compare* ECF No. 27 at 8-10, *with* ECF No. 20 at 17-23.) As such, a *de novo* review is unnecessary because Plaintiff has "failed to guide the [c]ourt towards [a] specific issue[] needing resolution . . . ." *Nichols*, 100 F. Supp. 3d at 498 (holding that a claimant failed to raise specific objections when he repeated

arguments raised in his initial brief). This court declines to hear rehashed arguments from Plaintiff. *Orpiano*, 687 F.2d at 47. The court finds that the Report effectively addressed Plaintiff's Objection as it relates to the Council and is well-reasoned. *See Fray v. Berryhill*, No. 6:16-2916-TMC, 2018 WL 1224687, at *5 (D.S.C. Mar. 9, 2018) (adopting a magistrate's report in which the court concurred "with both the reasoning and the result"). As such, the court agrees that the Council's decision to deny review was supported by substantial evidence. *See Meyer v. Astrue*, 662 F.3d 700, 704-07 (4th Cir. 2011) (holding that the Council is not required to explain its rationale for denying review and that a federal court may affirm an ALJ's decision if it is supported by substantial evidence).

## IV. CONCLUSION

After a thorough review of Plaintiff's Objection (ECF No. 27) and the Magistrate Judge's Report (ECF No. 25), the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 25), incorporating it herein, and **AFFIRMS** the decision of the Commissioner of Social Security Administration.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

September 25, 2018
Columbia, South Carolina